UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEPHANIE JONES,

    Plaintiff,

v.                                     CASE NO. 3:23-cv-323-TJC-MCR

CHARLENE PHILLIPS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Application") (Doc. 2). For the reasons stated herein, the undersigned recommends that the Application be **DENIED** and that Plaintiff be ordered to pay the filing fee within **sixty (60) days** of the Court's order on this Report and Recommendation.

The Court may, upon a finding of indigency, authorize the

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

commencement of an action without requiring the prepayment of costs, fees, or security. 28 U.S.C. § 1915(a)(1). The Court's decision to grant *in forma pauperis* status is discretionary. *See Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983). While a litigant need not show that she is "absolutely destitute" to qualify for *pauper* status under Section 1915, a litigant does need to show an inability "to pay for the court fees and costs, and to support and provide necessities for [her]self and [her] dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam). The Court's "consideration of a party's ability to pay . . . is not limited by the party's application for leave to proceed *in forma pauperis*" and the Court may look beyond the application. *Id.* at 1307 n.3.

The Application provides that Plaintiff's gross monthly household income is 2,100.00,[2] she and her spouse have a total of $388.95 in checking

---

[2] While this amount represents Plaintiff's spouse's income, spousal income is properly considered in determining Plaintiff's ability to pay for the Court's fees and costs. *See, e.g., Jones v. St. Vincents Health Sys.*, No. 3:07-cv-177-J-32TEM, 2007 WL 1789242, *1 (M.D. Fla. June 19, 2007) (denying an IFP petition based on plaintiff's and his wife's combined monthly income and assets); *see also Brown v. Yellow Freight Trucking*, No. 2:12-cv-2670 KJM JFM, 2013 WL 85431, *1 (E.D. Cal. Jan. 8, 2013) ("[P]laintiffs are charged with income to which they have access, such as their spouse's income or other household income, when determining applications to proceed in forma pauperis.") (citations omitted); *Behmlander v. Comm'r of Soc. Sec.*, No. 12-CV-14424, 2012 WL 5457466, *1-2 (E.D. Mich. Oct. 16, 2012) ("[C]ourts consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling, or other next friend. . . . The income of the party's spouse is particularly relevant and failure to disclose a spouse's income may result in denial

accounts, their monthly expenses are $1,899.00, and they have no dependents. (*See* Doc. 2.) Although Plaintiff's household's annual income of $25,200 puts them above the poverty level[3] and their monthly income exceeds their listed monthly expenses, Plaintiff is asking the taxpayers to fund her lawsuit. However, if the Court allows that in this case, "practically every case will become eligible for *in forma pauperis* status depending upon [Plaintiff's] current cash flow status." *Olsen v. United States*, Civil No. 07-34-B-W, 2007 WL 1959205, *2 (D. Me. July 3, 2007).

Based on the foregoing, it appears that Plaintiff can provide necessities for herself and her family, and also pay the filing fee and costs associated with this action "without undue hardship." *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. Aug. 6, 2001); *see also Schmitt v. U.S. Office of Pers. Mgmt.*, No. 8:09-cv-943-T-27EAJ, 2009 WL 3417866, *2 (M.D. Fla. Oct. 19, 2009). Therefore, Plaintiff does not meet the financial criteria to proceed *in forma pauperis*, and the undersigned will recommend that Plaintiff be required to pay the filing fee if she wants to

---

of IFP status.") (internal citations and quotation marks omitted); *Scurtu v. Hosp. & Catering Mgmt. Servs.*, No. 07-0410-WS-B, 2011 WL 521621, *6 n.10 (S.D. Ala. Feb. 14, 2011) (compiling cases that the income of close family members, such as spouses and parents, is properly considered in determining indigency).

[3] The 2023 poverty level for a household of two is $19,720. *See* https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited Apr. 5, 2023).

proceed with this action.

In light of this conclusion, the undersigned need not decide whether this action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief," any one of which would require the Court to dismiss the action *sua sponte*.  28 U.S.C. § 1915(e)(2)(B).  However, the undersigned notes that the Complaint lacks any jurisdictional allegations, lists no specific claims for relief, and appears to be based on events that may be the focus of an ongoing criminal proceeding filed either in state or in federal court.  (*See* Doc. 1.)

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Application (**Doc. 2**) be **DENIED**.[4]

2. Plaintiff be ordered to pay the filing fee within **sixty (60) days** of the Court's order on this Report and Recommendation.  Plaintiff should be cautioned that her failure to pay the filing fee in a timely manner may result in the dismissal of this action without prejudice.

**DONE AND ENTERED** at Jacksonville, Florida, on April 6, 2023.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

---

[4] The Application is also deficient because it is not notarized.

Copies to:

The Hon. Timothy J. Corrigan
Chief United States District Judge

*Pro Se* Party